UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IMMANUEL JOHNSON and DEON GARRETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:18-cv-00716 ) Judge Trauger ) |
| STATE OF TENNESSEE, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Immanuel Johnson and Deon Garrett, inmates at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the State of Tennessee. (Doc. No. 1.) Both Johnson (Doc. Nos. 8, 10, and 12) and Garrett (Doc. Nos. 7 and 9) filed applications to proceed in the court without prepaying fees and costs.

## I.     Applications to Proceed as a Pauper

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiffs' *in forma pauperis* applications that they lack sufficient financial resources to pay the full filing fee in advance, their applications (Doc. Nos. 7, 8, 9, 10, 12) will be granted.

## II.    Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Immanuel Johnson and Deon Garrett are pretrial detainees at the Davidson County Sheriff's Office. (Doc. No. 1 at 1.) The plaintiffs allege that, on October 10, 2017, they were arrested along with two other people—Devin Parker and Juan Culp. (*Id.* at 5.) On October 14, 2017, the plaintiffs went to "General Sessions" and were told they were being "bonded over." (*Id.*) Since that time, the plaintiffs allege, they have not had another court appearance, nor have they "had a true bill, indictment, or grand jury." (*Id.*) The plaintiffs allege that they have written "the courts, [the] district attorney, and [the] board of professional responsibility," but have not received a response for "several months." (Doc. No. 4 at 1; Doc. No. 5 at 1.) They allege that they have attempted to contact their respective court-appointed attorneys, but they have not had any contact since their initial court appearance. (Doc. No. 4 at 2; Doc. No. 5 at 1.)

The plaintiffs allege that they are mentally distraught as a result of their detention. (Doc. No. 4 at 2; Doc. No. 5 at 1.) They request immediate release from custody, and five million dollars each in damages. (Doc. No. 1 at 6.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as

true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

Here, the plaintiffs fail to state a claim under Section 1983 because the court cannot grant the requested relief in this action. First, the plaintiffs request five million dollars each in damages. The only named defendant, however, is the State of Tennessee, and Tennessee is "entitled to Eleventh Amendment immunity from suit for damages." *See Wingo v. Tenn. Dep't of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). The second category of requested relief is immediate release from custody. This relief is not available under Section 1983 either, because an inmate seeking "immediate release or a speedier release" must do so "through a writ of habeas corpus, not through [Section] 1983." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

3

State pretrial detainees, like the plaintiffs, may seek a federal writ of habeas corpus under 28 U.S.C. § 2241(c)(3). *Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). Under Section 2241(c)(3), a federal court may grant a writ of habeas corpus to "persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (quoting 28 U.S.C. § 2241(c)(3)). Accordingly, this action will be dismissed without prejudice, and the Clerk of Court will be directed to mail each of the plaintiffs a blank "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Form Number AO 242). The court makes no representations, however, regarding the viability of any Section 2241 petition either of the plaintiffs may file.

## III.    Conclusion

For these reasons, the plaintiffs' applications to proceed *in forma pauperis* (Doc. Nos. 7, 8, 9, 10, 12) will be granted, and this action will be dismissed without prejudice. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Clerk of Court will be directed to mail each of the plaintiffs a blank "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Form Number AO 242).

The court will also certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The court, therefore, will not grant the plaintiffs leave to proceed *in forma pauperis* on any appeal in this action.

The court will enter an appropriate order.

_____
ALETA A. TRAUGER
United States District Judge